IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS INTERNATIONAL GMBH, CEPHALON, LLC, and EAGLE PHARMACEUTICALS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| BENDARX CORP., | ) ) | |
| Defendant. | ) ) | |

## **COMPLAINT**

Plaintiffs Teva Pharmaceuticals International GmbH ("Teva Pharmaceuticals"), Cephalon, LLC ("Cephalon") (collectively, with Teva Pharmaceuticals, "Teva"), and Eagle Pharmaceuticals, Inc. ("Eagle") (collectively, "Plaintiffs"), by their attorneys, for their Complaint, allege as follows:

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C., and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C., which arises out of BendaRx Corp.'s ("BendaRx's") submission of New Drug Application ("NDA") No. 215291 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell,

and/or import a generic product prior to the expiration of, among others, U.S. Patent

Nos. 8,436,190 (the "'190 Patent"), 8,445,524 (the "'524 Patent"), 8,609,863 (the

"'863 Patent"), 8,669,279 (the "'279 Patent"), 8,791,270 (the "'270 Patent"),

8,883,836 (the "'836 Patent"), 8,895,756 (the "'756 Patent"), 9,533,955 (the "'955

Patent"), 9,572,887 (the "'887 Patent"), 8,076,366 (the "'366 Patent"), and

8,461,350 (the "'350 Patent") (collectively, the "Patents-in-Suit"), which include

patents listed in FDA's Approved Drug Products with Therapeutic Equivalence

Evaluations ("Orange Book") in connection with Treanda® (bendamustine

hydrochloride) for Injection, 100 mg/4 mL (25 mg/mL) and/or Bendeka®

(bendamustine hydrochloride) Injection, 100 mg/4 mL (25 mg/mL).

## PARTIES

2.     Plaintiff Teva Pharmaceuticals is a limited liability company

organized and existing under the laws of Switzerland, having its corporate offices

and principal place of business at Schlüsselstrasse 12, Jona (SG) 8645, Switzerland.

3.     Plaintiff Cephalon is a limited liability company organized and

existing under the laws of Delaware, having its corporate offices and principal place

of business at 145 Brandywine Parkway, West Chester, Pennsylvania 19380.

4.     Plaintiff Eagle is a corporation organized and existing under the

laws of Delaware, having its corporate offices and principal place of business at 50

Tice Boulevard, Suite 315, Woodcliff Lake, New Jersey 07677.

5.      On information and belief, Defendant BendaRx is a corporation organized and existing under the laws of Canada, having its corporate offices and principal place of business at 2000 Avenue, McGill College, Suite 600, Montréal QC H3A 3H3, Canada.

6.      On information and belief, BendaRx is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs, including the proposed product that is the subject of this litigation.   On information and belief, BendaRx has taken steps to enable these drugs to be distributed and sold in the United States, including Delaware.

## JURISDICTION

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a); and this Court is authorized to grant declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

8.      Based on the facts and causes alleged herein, and for additional reasons that may be further developed through discovery, this Court has personal jurisdiction over BendaRx.

9.      This Court has personal jurisdiction over BendaRx because, among other things, BendaRx has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, BendaRx is in the business of developing,

manufacturing, importing, marketing, offering to sell, sells, and/or importing generic drugs throughout the United States, including in Delaware, and therefore transacts or intends to transact business within Delaware, and/or has engaged in systematic and continuous business contacts within Delaware.

10.     In addition, this Court has personal jurisdiction over BendaRx because, among other things, BendaRx has purposefully directed activities at residents of Delaware, and this action arises out of and relates to those activities. Among other things, on information and belief, (1) BendaRx filed BendaRx's NDA for the purpose of seeking approval to engage in the commercial marketing, distribution, offering for sale, sale, and/or importation of BendaRx's NDA Product in the United States, including in Delaware; and (2) upon approval of BendaRx's NDA, BendaRx will market, distribute, offer for sale, sell, and/or import BendaRx's NDA Product in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of BendaRx's NDA Product in Delaware. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of BendaRx's NDA, BendaRx's NDA Product will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have a substantial effect on Delaware. BendaRx's

submission of BendaRx's is therefore tightly tied, both in purpose and planned effect, to the deliberate selling of BendaRx's NDA Product in Delaware and reliably indicates that BendaRx's NDA Product will be marketed in Delaware.

11.     In addition, this Court has personal jurisdiction over BendaRx because BendaRx has committed, aided, abetted, induced, contributed to, or participated in the commission of the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Cephalon and Eagle, both Delaware companies.

12.     Alternatively, should the Court determine that it does not have personal jurisdiction based on the facts and causes alleged above, this Court would nevertheless have personal jurisdiction over BendaRx under Rule 4(k)(2) because BendaRx would not otherwise be subject to jurisdiction in any State's court of general jurisdiction, and this Court's exercising personal jurisdiction over BendaRx would be consistent with the United States Constitution and laws under those circumstances.

13.     For the above reasons, it would not be fundamentally unfair or unreasonable for BendaRx to litigate this action in this District, and the Court has personal jurisdiction over it here.

## VENUE

14.    Plaintiffs incorporate each of the proceeding paragraphs 1–13 as if fully set forth herein.

15.    Based on the facts and causes alleged herein, and for additional reasons that may be further developed through discovery, venue is proper in this District.

16.    Venue is proper in this District under 28 U.S.C. § 1391(c)(3) with respect to BendaRx at least because, on information and belief, BendaRx is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

17.    On information and belief, BendaRx is not incorporated in the United States.  On information and belief, BendaRx filed a Certificate of Incorporation with Canada's corporate regulator on or about March 14, 2017, in which BendaRx certified that BendaRx "is incorporated under the *Canada Business Corporations Act*." (Exhibit L, at 1).  On information and belief, BendaRx corporate forms, filed with Canada's corporate regulator, identify BendaRx's registered address as located in Montreal, Canada.  (Exhibit M).

18.    On information and belief, FDA's website identifies "BendaRx Corp." as the holder of an orphan drug designation for a product with the generic name "bendamustine hydrochloride with betadex sulfobutyl ether sodium."  (Exhibit

N).  It lists BendaRx's address as "1000 De La Gauchetiere W Ste 2400 Montréal Canada."  (*Id.*)  On information and belief, BendaRx submitted documents to FDA in connection with BendaRx's NDA identifying that address.

19.    On information and belief, BendaRx continues to be incorporated in Canada and is not resident in any judicial district.

20.    Thus, for the above reasons, venue is proper in this District.

## **BACKGROUND**

21.    Bendeka®, which contains bendamustine hydrochloride, is an alkylating drug that is indicated for the treatment of patients with (1) chronic lymphocytic leukemia ("CLL") and (2) indolent B-cell non-Hodgkin lymphoma ("NHL") that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen.

22.    Eagle is the holder of NDA No. 208194 for Bendeka®, which has been approved by FDA.

23.    Treanda®, which contains bendamustine hydrochloride, is an alkylating drug that is indicated for the treatment of patients with (1) chronic lymphocytic leukemia ("CLL") and (2) indolent B-cell non-Hodgkin lymphoma ("NHL") that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen.

24.    Cephalon is the holder of NDA Nos. 22249 and 22303 for Treanda®, which have been approved by FDA.

25.    The '190 Patent, entitled "Bendamustine Pharmaceutical Compositions" (Exhibit A), duly and legally issued on May 7, 2013.  Cephalon is the owner and assignee of the '190 Patent.  The '190 Patent has been listed in connection with Treanda® in the Orange Book.

26.    The '524 Patent, entitled "Solid Forms of Bendamustine Hydrochloride" (Exhibit B), duly and legally issued on May 21, 2013.  Cephalon is the owner and assignee of the '524 Patent.  The '524 Patent has been listed in connection with Treanda® in the Orange Book.

27.    The '863 Patent, entitled "Bendamustine Pharmaceutical Compositions" (Exhibit C), duly and legally issued on December 17, 2013.  Cephalon is the owner and assignee of the '863 Patent.  The '863 Patent has been listed in connection with Treanda® in the Orange Book.

28.    The '279 Patent, entitled "Solid Forms of Bendamustine Hydrochloride" (Exhibit D), duly and legally issued on March 11, 2014.  Cephalon is the owner and assignee of the '279 Patent.  The '279 Patent has been listed in connection with Treanda® in the Orange Book.

29.    The '270 Patent, entitled "Bendamustine Pharmaceutical Compositions" (Exhibit E), duly and legally issued on July 27, 2014.  Cephalon is

the owner and assignee of the '270 Patent.    The '270 Patent has been listed in connection with Treanda® and Bendeka® in the Orange Book.

30.    The '836 Patent, entitled "Solid Forms of Bendamustine Hydrochloride" (Exhibit F), duly and legally issued on November 11, 2014. Cephalon is the owner and assignee of the '836 Patent.  The '836 Patent has been listed in connection with Treanda® in the Orange Book.

31.    The '756 Patent, entitled "Bendamustine Pharmaceutical Compositions" (Exhibit G), duly and legally issued on November 25, 2014. Cephalon is the owner and assignee of the '756 Patent.  The '756 Patent has been listed in connection with Treanda® in the Orange Book.

32.    The '955 Patent, entitled "Solid Forms of Bendamustine Hydrochloride" (Exhibit H), duly and legally issued on January 3, 2017.  Cephalon is the owner and assignee of the '955 Patent.  The '955 Patent has been listed in connection with Treanda® in the Orange Book.

33.    The '887 Patent, entitled "Formulations of Bendamustine" (Exhibit I), duly and legally issued on February 21, 2017.  Eagle is the owner and assignee of the '887 Patent, subject to the exclusive license referenced herein.  The '887 Patent has been listed in connection with Bendeka® in the Orange Book.

34.     The '366 Patent, entitled "Forms of Bendamustine Free Base" (Exhibit J), duly and legally issued on December 13, 2011.  Cephalon is the owner and assignee of the '366 Patent.

35.     The '350 Patent, entitled "Bendamustine Pharmaceutical Compositions" (Exhibit K), duly and legally issued on June 11, 2013.  Cephalon is the owner and assignee of the '350 Patent.

36.     On or around February 13, 2015, Cephalon executed an exclusive license (the "Eagle License") to, among other things, U.S. Patent No. 8, 609,707; U.S. Patent Application Nos. 14/031,879, 13/838,090, and 13/838,267; and all patent rights claiming priority to those patents or patent applications (which include, among others, the '887 Patent), for the commercialization of Eagle's bendamustine hydrochloride rapid infusion product, EP-3102, which became Bendeka®.  The Eagle License provides Cephalon the right to sue for infringement of the licensed patents in the event of, among other things, the filing of an NDA that makes reference to Bendeka® and seeks approval before expiry of a licensed patent.

37.     On or around October 14, 2015, Cephalon assigned its rights in the Eagle License to Teva Pharmaceuticals.

## INFRINGEMENT BY BENDARX

38.     By letter dated March 23, 2023 ("BendaRx's Notice Letter"), BendaRx notified Cephalon and Eagle that it had filed a Paragraph IV Certification

with respect to the '270, '190, '524, '863, '279, '836, '756, '955, and '887 Patents, among others, and was seeking approval from FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of those patents. On information and belief, BendaRx's NDA contains a Paragraph IV Certification asserting that those patents will not be infringed by the manufacture, use, offer for sale, sale, or importation of BendaRx's NDA Product, or alternatively, that those patents are invalid.

39.    The purpose of BendaRx's submission of BendaRx's NDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of BendaRx's NDA Product prior to the expiration of the Patents-in-Suit.

40.    In BendaRx's Notice Letter, BendaRx stated that the active ingredient of BendaRx's NDA Product is bendamustine in complex with betadex sulfobutyl ether sodium ("SBECD").

41.    BendaRx's Notice Letter attaches a document purporting to be a "Detailed Statement." However, BendaRx did not disclose the composition of BendaRx's NDA Product and did not furnish samples, testing, data, or other information sufficient to confirm independently the composition of BendaRx's NDA Product and assess the properties and functions of BendaRx's NDA Product or its components.

42.     In BendaRx's Notice Letter, BendaRx also did not disclose its organization, activities with respect to BendaRx's NDA, and other related information.

43.     On information and belief, BendaRx's NDA Product is a pharmaceutical composition comprising bendamustine or bendamustine hydrochloride, mannitol, tertiary-butyl alcohol and water, or equivalent ingredients.

44.     In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product contained mannitol and tertiary-butyl alcohol.  However, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

45.     On information and belief, BendaRx's NDA Product comprises bendamustine hydrochloride, or an equivalent thereof, designated as bendamustine hydrochloride Form 1, that produces an X-ray powder diffraction pattern comprising the following reflections: 8.3, 16.8, and 18.5±0.2 degrees 2θ, or equivalents thereof.

46.    In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product produces an X-ray powder diffraction pattern that comprises the above reflections.  However, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

47.    On information and belief, BendaRx's NDA Product is a stable lyophilized preparation comprising bendamustine hydrochloride, mannitol, and a trace amount of tertiary-butyl alcohol (TBA), or equivalent ingredients, wherein the ratio by weight of bendamustine hydrochloride to mannitol is 15:25.5, or an equivalent thereof.

48.    In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product contained mannitol and tertiary-butyl alcohol.  However, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and

characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

49.    On information and belief, BendaRx's NDA Product comprises a crystalline form of bendamustine hydrochloride, or an equivalent thereof, that is bendamustine hydrochloride Form 3, that produces an X-ray powder diffraction pattern comprising the following reflections: 7.9, 15.5, and 26.1±0.2 degrees 2θ, or equivalents thereof.

50.    In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product produces an X-ray powder diffraction pattern that comprises the above reflections.  However, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

51.    On information and belief, the proposed labeling for BendaRx's NDA Product promotes use of pharmaceutical composition that has been reconstituted from a lyophilized preparation of bendamustine or bendamustine

hydrochloride, or equivalents thereof, said composition containing not more than about 0.9% (area percent of bendamustine) of HP1, or the equivalent thereof.

52.    On information and belief, BendaRx's NDA Product is a pharmaceutical composition of bendamustine hydrochloride, or an equivalent thereof, containing less than or equal to 4.0% (area percent of bendamustine) of bendamustine degradants, or an equivalent thereof.

53.    In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product contains bendamustine hydrochloride.  However, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

54.    On information and belief, the proposed labeling for BendaRx's NDA Product encourages, recommends, instructs, and/or promotes a method of treating chronic lymphocytic leukemia and non-Hodgkin's lymphoma in a patient in need thereof comprising administering to the patient a solution prepared from a lyophilized composition comprising a crystalline form of bendamustine

hydrochloride, or an equivalent thereof, that is bendamustine hydrochloride Form 3 that produces an X-ray powder diffraction pattern comprising the following reflections: 7.9, 15.5, and 26.1±0.2 degrees 2θ, or equivalents thereof.

55.    In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product produces an X-ray powder diffraction pattern that comprises the above reflections.  However, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

56.    On information and belief, the proposed labeling for BendaRx's NDA Product encourages, recommends, instructs, and/or promotes using a vial containing a reconstituted solution of bendamustine hydrochloride and mannitol in sterile water for injection, or equivalent ingredients, wherein the ratio by weight of bendamustine hydrochloride to mannitol in the vial is 15:25.5, or an equivalent thereof, and wherein the bendamustine hydrochloride is present in the vial at a concentration of 100 mg per 20 mL, or an equivalent thereof.

57.    In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product comprises mannitol.  However, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

58.    On information and belief, BendaRx's NDA Product comprises a crystalline form of bendamustine hydrochloride that is Form 3, or an equivalent thereof, that produces an X-ray powder diffraction pattern having peaks at 7.9 and 15.5±0.2 degrees 2θ, or equivalents thereof.

59.    In BendaRx's Notice Letter, BendaRx did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather denied that BendaRx's NDA Product produces an X-ray powder diffraction pattern that comprises the above reflections. However, BendaRx's Notice Letter contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and

BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

60.    On information and belief, the proposed labeling for BendaRx's NDA Product recommends, encourages, instructs, and/or promotes a method of treating chronic lymphocytic leukemia and indolent B-cell leukemia in a subject.

61.    On information and belief, the proposed labeling for BendaRx's NDA Product recommends, encourages, instructs, and/or promotes providing a non-aqueous liquid composition comprising from about 10 mg/mL to about 100 mg/mL bendamustine or a pharmaceutically acceptable salt thereof, or equivalents thereof.

62.    On information and belief, the proposed labeling for BendaRx's NDA Product recommends, encourages, instructs, and/or promotes providing a non-aqueous liquid composition that has less than about 5% total impurities as determined by HPLC at a wavelength of 223 nm after at least 15 months at a temperature of from about 5 °C to about 25 °C.

63.    On information and belief, the proposed labeling for BendaRx's NDA Product recommends, encourages, instructs, and/or promotes diluting the composition in paragraphs 61-62 with a parenterally acceptable aqueous diluent.

64.    On information and belief, the proposed labeling for BendaRx's NDA Product recommends, encourages, instructs, and/or promotes parenterally

administering the diluted composition in paragraph 63 to a subject at a bendamustine dosage ranging from about 25 mg/m$^2$ to about 120 mg/m$^2$.

65.    On information and belief, the proposed labeling for BendaRx's NDA Product recommends, encourages, instructs, and/or promotes parenterally administering the diluted composition in paragraph 63 in a volume of about 100 mL or less over a time period of less than or equal to about 15 minutes.

66.    In BendaRx's Notice Letter, BendaRx denied that BendaRx's NDA Product is a diluted non-aqueous liquid composition.  BendaRx's denial does not address the claim language.  Moreover, BendaRx's Notice Letter did not provide BendaRx NDA Product's composition, or any testing, data or analyses relating thereto as part of the statutorily required "detailed statement of the factual basis" for its opinion that the patents will not be infringed, but rather contained vague and inconsistent assertions about the composition and characteristics of BendaRx's NDA Product, and BendaRx's Offer of Confidential Access, discussed *infra*, offered inadequate opportunity for Plaintiffs to verify BendaRx's assertions.

67.    On information and belief, BendaRx's NDA Product is a pharmaceutical composition comprising bendamustine free base, or an equivalent, selected from the group consisting of bendamustine free base Form 1, bendamustine free base Form 2, bendamustine free base Form 3, bendamustine free base Form 4, bendamustine free base Form 5, bendamustine free base Form 6, bendamustine free

base Form 7, bendamustine free base Form 8, bendamustine free base Form 9, bendamustine free base Form 10, bendamustine free base Form 11, bendamustine free base Form 12, bendamustine free base Form 13, bendamustine free base Form 14, bendamustine free base Form 15, or a mixture thereof, or equivalents thereof.

68.    On information and belief, BendaRx's NDA Product is a pharmaceutical a pharmaceutical composition comprising bendamustine or bendamustine hydrochloride, mannitol, water, and a solvent that is ethanol, n-propanol, n-butanol, isopropanol, methanol, ethyl acetate, dimethyl carbonate, acetonitrile, dichloromethane, methyl ethyl ketone, methyl isobutyl ketone, acetone, 1-pentanol, methyl acetate, carbon tetrachloride, dimethyl sulfoxide, hexafluoroacetone, chlorobutanol, dimethyl sulfone, acetic acid, cyclohexane, or a combination thereof, or equivalents thereof.

69.    BendaRx's Notice Letter included a document entitled "Offer of Confidential Access," which purported to offer "confidential access to certain information from" BendaRX's NDA.  In an exchange of correspondence, counsel for Plaintiffs and counsel for BendaRx discussed the terms of BendaRx's Offer for Confidential Access.  The parties did not agree on terms under which Plaintiffs could review BendaRx's information.  BendaRx's Offer of Confidential Access offered access only to unspecified sections of BendaRx's NDA "as determined by BendaRx."  BendaRx refused to produce BendaRx's other sections of BendaRx's

NDA, samples of BendaRx's NDA Product, and other internal documents and materials relevant to infringement, including information relating to BendaRx's organization and activities. In addition, BendaRx's Offer for Confidential Access imposed unreasonable restrictions on the extent to which Plaintiffs could access the limited documents that BendaRx offered. When Plaintiffs' objected to BendaRx's unreasonable terms and proposed alternatives, BendaRx refused to meet and confer or otherwise negotiate over the documents and materials that BendaRx would produce or the conditions on which Plaintiffs could access and rely on those documents and materials. Without all of the materials requested by Plaintiffs, including samples of BendaRx's NDA Product, which BendaRx refused to produce, Plaintiffs could not confirm, and cannot confirm, the exact composition and properties of BendaRx's NDA product. BendaRx filing of its NDA seeking approval to market a generic version of Bendeka® and/or Treanda® before expiry of the patents asserted herein constitutes an act of infringement.

70. On April 24, 2023, before forty-five days had elapsed following Plaintiffs' receipt of BendaRx's Notice Letter, counsel for Teva responded to BendaRx's most-recent correspondence regarding BendaRx's Offer for Confidential Access, and the parties recognized that they were at an impasse.

71. This action commenced before the expiration of forty-five days from the date of the receipt of BendaRx's Notice Letter.

## COUNT I – INFRINGEMENT BY BENDARX
## OF U.S. PATENT NO. 8,436,190 UNDER 35 U.S.C. § 271(E)(2)

72.     Plaintiffs incorporate each of the preceding paragraphs 1–71 as if fully set forth herein.

73.     BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '190 Patent was an act of infringement of the '190 Patent under 35 U.S.C. § 271(e)(2)(A).

74.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '190 Patent, either literally or under the doctrine of equivalents.

75.     On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

76.     On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '190 Patent.

77.    On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '190 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

78.    On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '190 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '190 Patent after approval of BendaRx's NDA.

79.    The foregoing actions by BendaRx constitute and/or will constitute infringement of the '190 Patent, active inducement of infringement of the '190 Patent, and contribution to the infringement by others of the '190 Patent.

80.    On information and belief, BendaRx has acted with full knowledge of the '190 Patent and without a reasonable basis for believing that it would not be liable for infringing the '190 Patent, actively inducing infringement of the '190 Patent, and contributing to the infringement by others of the '190 Patent.

81.    Unless BendaRx is enjoined from infringing the '190 Patent, actively inducing infringement of the '190 Patent, and contributing to the infringement by others of the '190 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,436,190

82.     Plaintiffs incorporate each of the preceding paragraphs 1–81 as if fully set forth herein.

83.     BendaRx has knowledge of the '190 Patent.

84.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '190 Patent, either literally or under the doctrine of equivalents.

85.     On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

86.     On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '190 Patent.

87.     On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '190 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

88.     On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in

infringing the '190 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '190 Patent after approval of BendaRx's NDA.

89. The foregoing actions by BendaRx constitute and/or will constitute infringement of the '190 Patent, active inducement of infringement of the '190 Patent, and contribution to the infringement by others of the '190 Patent.

90. On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '190 Patent, actively inducing infringement of the '190 Patent, and contributing to the infringement by others of the '190 Patent.

91. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '190 Patent and whether one or more claims of the '190 Patent are valid.

92. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce

the infringement of, and contribute to the infringement by others of the '190 Patent and that the claims of the '190 Patent are valid.

93.    BendaRx should be enjoined from infringing the '190 Patent, actively inducing infringement of the '190 Patent, and contributing to the infringement by others of the '190 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III – INFRINGEMENT BY BENDARX
## OF U.S. PATENT NO. 8,445,524 UNDER 35 U.S.C. § 271(E)(2)

94.    Plaintiffs incorporate each of the preceding paragraphs 1–93 as if fully set forth herein.

95.    BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '524 Patent was an act of infringement of the '524 Patent under 35 U.S.C. § 271(e)(2)(A).

96.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '524 Patent, either literally or under the doctrine of equivalents.

97.    On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of

BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

98.    On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '524 Patent.

99.    On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '524 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

100.    On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '524 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '524 Patent after approval of BendaRx's NDA.

101.    The foregoing actions by BendaRx constitute and/or will constitute infringement of the '524 Patent, active inducement of infringement of the '524 Patent, and contribution to the infringement by others of the '524 Patent.

102.    On information and belief, BendaRx has acted with full knowledge of the '524 Patent and without a reasonable basis for believing that it

would not be liable for infringing the '524 Patent, actively inducing infringement of the '524 Patent, and contributing to the infringement by others of the '524 Patent.

103.    Unless BendaRx is enjoined from infringing the '524 Patent, actively inducing infringement of the '524 Patent, and contributing to the infringement by others of the '524 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,445,524

104.    Plaintiffs incorporate each of the preceding paragraphs 1–103 as if fully set forth herein.

105.    BendaRx has knowledge of the '524 Patent.

106.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '524 Patent, either literally or under the doctrine of equivalents.

107.    On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

108.  On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '524 Patent.

109.  On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '524 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

110.  On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '524 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '524 Patent after approval of BendaRx's NDA.

111.  The foregoing actions by BendaRx constitute and/or will constitute infringement of the '524 Patent, active inducement of infringement of the '524 Patent, and contribution to the infringement by others of the '524 Patent.

112.  On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '524 Patent, actively inducing infringement of the '524 Patent, and contributing to the infringement by others of the '524 Patent.

113.   Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '524 Patent and whether one or more claims of the '524 Patent are valid.

114.   Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '524 Patent and that the claims of the '524 Patent are valid.

115.   BendaRx should be enjoined from infringing the '524 Patent, actively inducing infringement of the '524 Patent, and contributing to the infringement by others of the '524 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT V – INFRINGEMENT BY BENDARX
## OF U.S. PATENT NO. 8,609,863 UNDER 35 U.S.C. § 271(E)(2)

116.   Plaintiffs incorporate each of the preceding paragraphs 1–115 as if fully set forth herein.

117.   BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale,

and/or importation of BendaRx's NDA Product prior to the expiration of the '863 Patent was an act of infringement of the '863 Patent under 35 U.S.C. § 271(e)(2)(A).

118.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '863 Patent, either literally or under the doctrine of equivalents.

119.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

120.   On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '863 Patent.

121.   On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '863 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

122.   On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '863 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and

belief, BendaRx plans and intends to, and will, contribute to infringement of the '863 Patent after approval of BendaRx's NDA.

123.    The foregoing actions by BendaRx constitute and/or will constitute infringement of the '863 Patent, active inducement of infringement of the '863 Patent, and contribution to the infringement by others of the '863 Patent.

124.    On information and belief, BendaRx has acted with full knowledge of the '863 Patent and without a reasonable basis for believing that it would not be liable for infringing the '863 Patent, actively inducing infringement of the '863 Patent, and contributing to the infringement by others of the '863 Patent.

125.    Unless BendaRx is enjoined from infringing the '863 Patent, actively inducing infringement of the '863 Patent, and contributing to the infringement by others of the '863 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,609,863

126.    Plaintiffs incorporate each of the preceding paragraphs 1–125 as if fully set forth herein.

127.    BendaRx has knowledge of the '863 Patent.

128.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would

infringe one or more claims of the '863 Patent, either literally or under the doctrine of equivalents.

129.    On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

130.    On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '863 Patent.

131.    On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '863 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

132.    On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '863 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '863 Patent after approval of BendaRx's NDA.

133.   The foregoing actions by BendaRx constitute and/or will constitute infringement of the '863 Patent, active inducement of infringement of the '863 Patent, and contribution to the infringement by others of the '863 Patent.

134.   On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '863 Patent, actively inducing infringement of the '863 Patent, and contributing to the infringement by others of the '863 Patent.

135.   Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '863 Patent and whether one or more claims of the '863 Patent are valid.

136.   Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '863 Patent and that the claims of the '863 Patent are valid.

137.   BendaRx should be enjoined from infringing the '863 Patent, actively inducing infringement of the '863 Patent, and contributing to the

infringement by others of the '863 Patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT VII – INFRINGEMENT BY BENDARX
### OF U.S. PATENT NO. 8,669,279 UNDER 35 U.S.C. § 271(E)(2)

138.   Plaintiffs incorporate each of the preceding paragraphs 1–137 as if fully set forth herein.

139.   BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '279 Patent was an act of infringement of the '279 Patent under 35 U.S.C. § 271(e)(2)(A).

140.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '279 Patent, either literally or under the doctrine of equivalents.

141.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

142.   On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '279 Patent.

143.  On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '279 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

144.  On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '279 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '279 Patent after approval of BendaRx's NDA.

145.  The foregoing actions by BendaRx constitute and/or will constitute infringement of the '279 Patent, active inducement of infringement of the '279 Patent, and contribution to the infringement by others of the '279 Patent.

146.  On information and belief, BendaRx has acted with full knowledge of the '279 Patent and without a reasonable basis for believing that it would not be liable for infringing the '279 Patent, actively inducing infringement of the '279 Patent, and contributing to the infringement by others of the '279 Patent.

147.  Unless BendaRx is enjoined from infringing the '279 Patent, actively inducing infringement of the '279 Patent, and contributing to the infringement by others of the '279 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,669,279

148. Plaintiffs incorporate each of the preceding paragraphs 1–147 as if fully set forth herein.

149. BendaRx has knowledge of the '279 Patent.

150. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '279 Patent, either literally or under the doctrine of equivalents.

151. On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

152. On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '279 Patent.

153. On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '279 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

154. On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in

infringing the '279 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '279 Patent after approval of BendaRx's NDA.

155. The foregoing actions by BendaRx constitute and/or will constitute infringement of the '279 Patent, active inducement of infringement of the '279 Patent, and contribution to the infringement by others of the '279 Patent.

156. On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '279 Patent, actively inducing infringement of the '279 Patent, and contributing to the infringement by others of the '279 Patent.

157. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '279 Patent and whether one or more claims of the '279 Patent are valid.

158. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce

the infringement of, and contribute to the infringement by others of the '279 Patent and that the claims of the '279 Patent are valid.

159.    BendaRx should be enjoined from infringing the '279 Patent, actively inducing infringement of the '279 Patent, and contributing to the infringement by others of the '279 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IX – INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,791,270 UNDER 35 U.S.C. § 271(E)(2)

160.    Plaintiffs incorporate each of the preceding paragraphs 1–159 as if fully set forth herein.

161.    BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '270 Patent was an act of infringement of the '270 Patent under 35 U.S.C. § 271(e)(2)(A).

162.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '270 Patent, either literally or under the doctrine of equivalents.

163.    On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of

BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

164. On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '270 Patent.

165. On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '270 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

166. On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '270 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '270 Patent after approval of BendaRx's NDA.

167. The foregoing actions by BendaRx constitute and/or will constitute infringement of the '270 Patent, active inducement of infringement of the '270 Patent, and contribution to the infringement by others of the '270 Patent.

168. On information and belief, BendaRx has acted with full knowledge of the '270 Patent and without a reasonable basis for believing that it

would not be liable for infringing the '270 Patent, actively inducing infringement of the '270 Patent, and contributing to the infringement by others of the '270 Patent.

169.  Unless BendaRx is enjoined from infringing the '270 Patent, actively inducing infringement of the '270 Patent, and contributing to the infringement by others of the '270 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT X – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,791,270

170.  Plaintiffs incorporate each of the preceding paragraphs 1–169 as if fully set forth herein.

171.  BendaRx has knowledge of the '270 Patent.

172.  On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '270 Patent, either literally or under the doctrine of equivalents.

173.  On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

174.  On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '270 Patent.

175.  On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '270 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

176.  On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '270 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '270 Patent after approval of BendaRx's NDA.

177.  The foregoing actions by BendaRx constitute and/or will constitute infringement of the '270 Patent, active inducement of infringement of the '270 Patent, and contribution to the infringement by others of the '270 Patent.

178.  On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '270 Patent, actively inducing infringement of the '270 Patent, and contributing to the infringement by others of the '270 Patent.

179.   Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '270 Patent and whether one or more claims of the '270 Patent are valid.

180.   Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '270 Patent and that the claims of the '270 Patent are valid.

181.   BendaRx should be enjoined from infringing the '270 Patent, actively inducing infringement of the '270 Patent, and contributing to the infringement by others of the '270 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XI – INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,883,836 UNDER 35 U.S.C. § 271(E)(2)

182.   Plaintiffs incorporate each of the preceding paragraphs 1–181 as if fully set forth herein.

183.   BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale,

and/or importation of BendaRx's NDA Product prior to the expiration of the '836 Patent was an act of infringement of the '836 Patent under 35 U.S.C. § 271(e)(2)(A).

184.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '836 Patent, either literally or under the doctrine of equivalents.

185.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

186.   On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '836 Patent.

187.   On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '836 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

188.   On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '836 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and

belief, BendaRx plans and intends to, and will, contribute to infringement of the '836 Patent after approval of BendaRx's NDA.

189.  The foregoing actions by BendaRx constitute and/or will constitute infringement of the '836 Patent, active inducement of infringement of the '836 Patent, and contribution to the infringement by others of the '836 Patent.

190.  On information and belief, BendaRx has acted with full knowledge of the '836 Patent and without a reasonable basis for believing that it would not be liable for infringing the '836 Patent, actively inducing infringement of the '836 Patent, and contributing to the infringement by others of the '836 Patent.

191.  Unless BendaRx is enjoined from infringing the '836 Patent, actively inducing infringement of the '836 Patent, and contributing to the infringement by others of the '836 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XII – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,883,836

192.  Plaintiffs incorporate each of the preceding paragraphs 1–191 as if fully set forth herein.

193.  BendaRx has knowledge of the '836 Patent.

194.  On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would

infringe one or more claims of the '836 Patent, either literally or under the doctrine of equivalents.

195.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

196.   On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '836 Patent.

197.   On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '836 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

198.   On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '836 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '836 Patent after approval of BendaRx's NDA.

199.  The foregoing actions by BendaRx constitute and/or will constitute infringement of the '836 Patent, active inducement of infringement of the '836 Patent, and contribution to the infringement by others of the '836 Patent.

200.  On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '836 Patent, actively inducing infringement of the '836 Patent, and contributing to the infringement by others of the '836 Patent.

201.  Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '836 Patent and whether one or more claims of the '836 Patent are valid.

202.  Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '836 Patent and that the claims of the '836 Patent are valid.

203.  BendaRx should be enjoined from infringing the '836 Patent, actively inducing infringement of the '836 Patent, and contributing to the

infringement by others of the '836 Patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT XIII – INFRINGEMENT BY BENDARX
### OF U.S. PATENT NO. 8,895,756 UNDER 35 U.S.C. § 271(E)(2)

204. Plaintiffs incorporate each of the preceding paragraphs 1–203 as if fully set forth herein.

205. BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '756 Patent was an act of infringement of the '756 Patent under 35 U.S.C. § 271(e)(2)(A).

206. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '756 Patent, either literally or under the doctrine of equivalents.

207. On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

208. On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '756 Patent.

209.   On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '756 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

210.   On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '756 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '756 Patent after approval of BendaRx's NDA.

211.   The foregoing actions by BendaRx constitute and/or will constitute infringement of the '756 Patent, active inducement of infringement of the '756 Patent, and contribution to the infringement by others of the '756 Patent.

212.   On information and belief, BendaRx has acted with full knowledge of the '756 Patent and without a reasonable basis for believing that it would not be liable for infringing the '756 Patent, actively inducing infringement of the '756 Patent, and contributing to the infringement by others of the '756 Patent.

213.   Unless BendaRx is enjoined from infringing the '756 Patent, actively inducing infringement of the '756 Patent, and contributing to the infringement by others of the '756 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XIV – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,895,756

214. Plaintiffs incorporate each of the preceding paragraphs 1–213 as if fully set forth herein.

215. BendaRx has knowledge of the '756 Patent.

216. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '756 Patent, either literally or under the doctrine of equivalents.

217. On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

218. On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '756 Patent.

219. On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '756 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

220. On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in

infringing the '756 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '756 Patent after approval of BendaRx's NDA.

221. The foregoing actions by BendaRx constitute and/or will constitute infringement of the '756 Patent, active inducement of infringement of the '756 Patent, and contribution to the infringement by others of the '756 Patent.

222. On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '756 Patent, actively inducing infringement of the '756 Patent, and contributing to the infringement by others of the '756 Patent.

223. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '756 Patent and whether one or more claims of the '756 Patent are valid.

224. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce

the infringement of, and contribute to the infringement by others of the '756 Patent and that the claims of the '756 Patent are valid.

225.   BendaRx should be enjoined from infringing the '756 Patent, actively inducing infringement of the '756 Patent, and contributing to the infringement by others of the '756 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XV – INFRINGEMENT BY BENDARX
## OF U.S. PATENT NO. 9,533,955 UNDER 35 U.S.C. § 271(E)(2)

226.   Plaintiffs incorporate each of the preceding paragraphs 1–225 as if fully set forth herein.

227.   BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '955 Patent was an act of infringement of the '955 Patent under 35 U.S.C. § 271(e)(2)(A).

228.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '955 Patent, either literally or under the doctrine of equivalents.

229.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of

BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

230.    On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '955 Patent.

231.    On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '955 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

232.    On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '955 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '955 Patent after approval of BendaRx's NDA.

233.    The foregoing actions by BendaRx constitute and/or will constitute infringement of the '955 Patent, active inducement of infringement of the '955 Patent, and contribution to the infringement by others of the '955 Patent.

234.    On information and belief, BendaRx has acted with full knowledge of the '955 Patent and without a reasonable basis for believing that it

would not be liable for infringing the '955 Patent, actively inducing infringement of the '955 Patent, and contributing to the infringement by others of the '955 Patent.

235.   Unless BendaRx is enjoined from infringing the '955 Patent, actively inducing infringement of the '955 Patent, and contributing to the infringement by others of the '955 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XVI – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 9,533,955

236.   Plaintiffs incorporate each of the preceding paragraphs 1–235 as if fully set forth herein.

237.   BendaRx has knowledge of the '955 Patent.

238.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '955 Patent, either literally or under the doctrine of equivalents.

239.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

240. On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '955 Patent.

241. On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '955 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

242. On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '955 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '955 Patent after approval of BendaRx's NDA.

243. The foregoing actions by BendaRx constitute and/or will constitute infringement of the '955 Patent, active inducement of infringement of the '955 Patent, and contribution to the infringement by others of the '955 Patent.

244. On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '955 Patent, actively inducing infringement of the '955 Patent, and contributing to the infringement by others of the '955 Patent.

245.   Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '955 Patent and whether one or more claims of the '955 Patent are valid.

246.   Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '955 Patent and that the claims of the '955 Patent are valid.

247.   BendaRx should be enjoined from infringing the '955 Patent, actively inducing infringement of the '955 Patent, and contributing to the infringement by others of the '955 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT XVII – INFRINGEMENT BY BENDARX**
**OF U.S. PATENT NO. 9,572,887 UNDER 35 U.S.C. § 271(E)(2)**

248.   Plaintiffs incorporate each of the preceding paragraphs 1–247 as if fully set forth herein.

249.   BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale,

and/or importation of BendaRx's NDA Product prior to the expiration of the '887 Patent was an act of infringement of the '887 Patent under 35 U.S.C. § 271(e)(2)(A).

250.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '887 Patent, either literally or under the doctrine of equivalents.

251.    On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

252.    On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '887 Patent.

253.    On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '887 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

254.    On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '887 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and

belief, BendaRx plans and intends to, and will, contribute to infringement of the '887 Patent after approval of BendaRx's NDA.

255.   The foregoing actions by BendaRx constitute and/or will constitute infringement of the '887 Patent, active inducement of infringement of the '887 Patent, and contribution to the infringement by others of the '887 Patent.

256.   On information and belief, BendaRx has acted with full knowledge of the '887 Patent and without a reasonable basis for believing that it would not be liable for infringing the '887 Patent, actively inducing infringement of the '887 Patent, and contributing to the infringement by others of the '887 Patent.

257.   Unless BendaRx is enjoined from infringing the '887 Patent, actively inducing infringement of the '887 Patent, and contributing to the infringement by others of the '887 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XVIII – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 9,572,887

258.   Plaintiffs incorporate each of the preceding paragraphs 1–257 as if fully set forth herein.

259.   BendaRx has knowledge of the '887 Patent.

260.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would

infringe one or more claims of the '887 Patent, either literally or under the doctrine of equivalents.

261.    On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

262.    On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '887 Patent.

263.    On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '887 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

264.    On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '887 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '887 Patent after approval of BendaRx's NDA.

265.   The foregoing actions by BendaRx constitute and/or will constitute infringement of the '887 Patent, active inducement of infringement of the '887 Patent, and contribution to the infringement by others of the '887 Patent.

266.   On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '887 Patent, actively inducing infringement of the '887 Patent, and contributing to the infringement by others of the '887 Patent.

267.   Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '887 Patent and whether one or more claims of the '887 Patent are valid.

268.   Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '887 Patent and that the claims of the '887 Patent are valid.

269.   BendaRx should be enjoined from infringing the '887 Patent, actively inducing infringement of the '887 Patent, and contributing to the

infringement by others of the '887 Patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT XIX – INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,076,366 UNDER 35 U.S.C. § 271(E)(2)

270. Plaintiffs incorporate each of the preceding paragraphs 1–269 as if fully set forth herein.

271. BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '366 Patent was an act of infringement of the '366 Patent under 35 U.S.C. § 271(e)(2)(A).

272. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '366 Patent, either literally or under the doctrine of equivalents.

273. On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

274. On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '366 Patent.

275.   On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '366 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

276.   On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '366 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '366 Patent after approval of BendaRx's NDA.

277.   The foregoing actions by BendaRx constitute and/or will constitute infringement of the '366 Patent, active inducement of infringement of the '366 Patent, and contribution to the infringement by others of the '366 Patent.

278.   On information and belief, BendaRx has acted with full knowledge of the '366 Patent and without a reasonable basis for believing that it would not be liable for infringing the '366 Patent, actively inducing infringement of the '366 Patent, and contributing to the infringement by others of the '366 Patent.

279.   Unless BendaRx is enjoined from infringing the '366 Patent, actively inducing infringement of the '366 Patent, and contributing to the infringement by others of the '366 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XX – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,076,366

280.   Plaintiffs incorporate each of the preceding paragraphs 1–279 as if fully set forth herein.

281.   BendaRx has knowledge of the '366 Patent.

282.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '366 Patent, either literally or under the doctrine of equivalents.

283.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

284.   On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '366 Patent.

285.   On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '366 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

286.   On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in

infringing the '366 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '366 Patent after approval of BendaRx's NDA.

287.   The foregoing actions by BendaRx constitute and/or will constitute infringement of the '366 Patent, active inducement of infringement of the '366 Patent, and contribution to the infringement by others of the '366 Patent.

288.   On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '366 Patent, actively inducing infringement of the '366 Patent, and contributing to the infringement by others of the '366 Patent.

289.   Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '366 Patent and whether one or more claims of the '366 Patent are valid.

290.   Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce

the infringement of, and contribute to the infringement by others of the '366 Patent and that the claims of the '366 Patent are valid.

291.   BendaRx should be enjoined from infringing the '366 Patent, actively inducing infringement of the '366 Patent, and contributing to the infringement by others of the '366 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT XXI – INFRINGEMENT BY BENDARX**
**OF U.S. PATENT NO. 8,461,350 UNDER 35 U.S.C. § 271(E)(2)**

292.   Plaintiffs incorporate each of the preceding paragraphs 1–291 as if fully set forth herein.

293.   BendaRx's submission of BendaRx's NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of BendaRx's NDA Product prior to the expiration of the '350 Patent was an act of infringement of the '350 Patent under 35 U.S.C. § 271(e)(2)(A).

294.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '350 Patent, either literally or under the doctrine of equivalents.

295.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of

BendaRx's NDA Product immediately and imminently upon FDA approval of BendaRx's NDA.

296.    On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '350 Patent.

297.    On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '350 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

298.    On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '350 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '350 Patent after approval of BendaRx's NDA.

299.    The foregoing actions by BendaRx constitute and/or will constitute infringement of the '350 Patent, active inducement of infringement of the '350 Patent, and contribution to the infringement by others of the '350 Patent.

300.    On information and belief, BendaRx has acted with full knowledge of the '350 Patent and without a reasonable basis for believing that it

would not be liable for infringing the '350 Patent, actively inducing infringement of the '350 Patent, and contributing to the infringement by others of the '350 Patent.

301.   Unless BendaRx is enjoined from infringing the '350 Patent, actively inducing infringement of the '350 Patent, and contributing to the infringement by others of the '350 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XXII – DECLARATORY JUDGMENT OF INFRINGEMENT BY BENDARX OF U.S. PATENT NO. 8,461,350

302.   Plaintiffs incorporate each of the preceding paragraphs 1–301 as if fully set forth herein.

303.   BendaRx has knowledge of the '350 Patent.

304.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product would infringe one or more claims of the '350 Patent, either literally or under the doctrine of equivalents.

305.   On information and belief, BendaRx will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of BendaRx's NDA Product with its proposed labeling upon FDA approval of BendaRx's NDA.

306.   On information and belief, the use of BendaRx's NDA Product in accordance with and as directed by BendaRx's proposed labeling for that product would infringe one or more claims of the '350 Patent.

307.   On information and belief, BendaRx plans and intends to, and will, actively induce infringement of the '350 Patent when BendaRx's NDA is approved, and plans and intends to, and will, do so after approval.

308.   On information and belief, BendaRx knows that BendaRx's NDA Product and its proposed labeling are especially made or adapted for use in infringing the '350 Patent and that BendaRx's NDA Product and its proposed labeling are not suitable for substantial non-infringing use.   On information and belief, BendaRx plans and intends to, and will, contribute to infringement of the '350 Patent after approval of BendaRx's NDA.

309.   The foregoing actions by BendaRx constitute and/or will constitute infringement of the '350 Patent, active inducement of infringement of the '350 Patent, and contribution to the infringement by others of the '350 Patent.

310.   On information and belief, BendaRx has acted without a reasonable basis for believing that it would not be liable for infringing the '350 Patent, actively inducing infringement of the '350 Patent, and contributing to the infringement by others of the '350 Patent.

311.  Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and BendaRx regarding whether BendaRx's manufacture, use, sale, offer for sale, or importation into the United States of BendaRx's NDA Product with its proposed labeling according to BendaRx's NDA will infringe one or more claims of the '350 Patent and whether one or more claims of the '350 Patent are valid.

312.  Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of BendaRx's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '350 Patent and that the claims of the '350 Patent are valid.

313.  BendaRx should be enjoined from infringing the '350 Patent, actively inducing infringement of the '350 Patent, and contributing to the infringement by others of the '350 Patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a)  A judgment that BendaRx has infringed, will infringe, and will induce and contribute to infringement of the Patents-in-Suit.

(b)  A judgment that the Patents-in-Suit are valid and enforceable;

(c)    A judgment pursuant to, among other things, 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval of BendaRx's NDA Product, or any BendaRx product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, shall be not earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A preliminary and permanent injunction pursuant to, among other things, 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining BendaRx, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing BendaRx's NDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)    A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing BendaRx's NDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, prior to the expiration date of the

Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

(f)   An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if BendaRx engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of BendaRx's NDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(g)   A declaration that this case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h)   An award of Plaintiffs' costs and expenses in this action; and

(i)   Such further and other relief as this Court may deem just and proper.

/s/ Karen E. Keller
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiffs Teva
Pharmaceuticals International GmbH
and Cephalon, LLC*

OF COUNSEL:
David I. Berl
Adam D. Harber
Elise M. Baumgarten
Ben Picozzi
Angela X. Gao
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

Dated:  May 4, 2023

/s/ Daniel M. Silver
Daniel M. Silver (No. 4758)
Alexandra M. Joyce (No. 6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
*Attorneys for Plaintiff Eagle
Pharmaceuticals, Inc.*

OF COUNSEL:
Daniel G. Brown
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004

Kenneth G. Schuler
Marc N. Zubick
Alexander M. Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700